BARAK J. BERLIN (SBN: 216115)
Law Offices of Barak Berlin
Barak@BerlinLawGroup.com
27349 Jefferson Ave, Ste 208
Temecula, CA 92590
Telephone: (951) 296-6188
Facsimile: (951) 296-6187

DANIEL A. EDELMAN (Ill. 0712094)
dedelman@edcombs.com
CASSNDRA P. MILLER (Ill. 6290238)
cmiller@edcombs.com
EDELMAN COMBS LATTURNER & GOODWIN LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (fax)

Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| GLENN WURDEMANN, for himself and all those similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>FIRST NATIONAL COLLECTION BUREAU INC., et. al.,<br><br>        Defendants. | Case No. 5:14-cv-02075-VAP (SPX)<br>**DISCOVERY MATTER**<br><br>**PLAINTIFF'S *EX-PARTE* MOTION TO COMPEL THE APPEARANCE OF MEGHAN EMMERICH AND FOR SANCTIONS**<br>***IMMEDIATE RELIEF REQUESTED***<br>**Noticed Before:** Magistrate Judge Sheri Pym<br>**Date and Time:** September 29, 2015 10:00 AM<br>**Courtroom: 3rd Floor**<br>**Complaint Filed:** October 9, 2014<br>**Class Discovery cutoff**: September 15, 2015<br>**Pretrial Conference date:** None set<br>**Trial date:** None set<br><br><br>**RESPONSE DUE WITHIN 24 HRS** |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

Plaintiff seeks to make the underlying motion on an ex parte basis because because (1) Meghan Emmerich's deposition was properly noticed for today and agreed to by all parties, (2)  Defendants have improperly refused to allow Ms. Emmerich to testify and improperly terminated the deposition by leaving the deposition room without notice to Plaintiff's counsel, (3) Defendants have refused to cooperate in allowing the deposition to go forward (4) the grounds for leaving the deposition are unfounded in law or fact and (5) Defendants have indicated that they may not permit Emmerich's deposition to go forward at any later date.

Plaintiff is without fault in creating the urgency of this request.  Plaintiff properly noticed the deposition of Meghan Emmerich and cooperated with defense counsel in the scheduling of Ms. Emmerich's deposition at a mutually agreeable time and place. Defendants' did not inform Plaintiff's counsel of their intent to terminate the deposition until this morning, September 23, 2015 at the beginning of the deposition.  Defendants are taking the position that they are not required to produce Emmerich at a later date, despite their request to conduct the deposition today.

Further, Plaintiff can show that they will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures and that they are without fault in creating the need for ex parte relief, justifying ex parte relief.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the attached proposed Motion to Expand, all other papers, pleadings and records on file herein, and on other matters as may properly come before the Court.


DATED: September 23, 2015                    Edelman, Combs, Latturner & Goodwin


                                             By: */s/ Cassandra P. Miller*_____
                                             Barak J. Berlin
                                             Daniel A. Edelman
                                             James O. Latturner
                                             Cassandra P. Miller

                                             Attorneys for Plaintiff

BARAK J. BERLIN (SBN: 216115)
Law Offices of Barak Berlin
Barak@BerlinLawGroup.com
27349 Jefferson Ave, Ste 208
Temecula, CA 92590
Telephone: (951) 296-6188
Facsimile: (951) 296-6187
DANIEL A. EDELMAN (Ill. 0712094)
dedelman@edcombs.com
CASSNDRA P. MILLER (Ill. 6290238)
cmiller@edcombs.com
EDELMAN COMBS LATTURNER & GOODWIN LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (fax)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| GLENN WURDEMANN, for himself and all those similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>FIRST NATIONAL COLLECTION BUREAU INC., et. al.,<br><br>      Defendants. | Case No. 5:14-cv-02075-VAP (SPX)<br>**DISCOVERY MATTER**<br><br>**PLAINTIFF'S *EX-PARTE* MOTION TO COMPEL THE APPEARANCE OF MEGHAN EMMERICH AND FOR SANCTIONS**<br><br>***IMMEDIATE RELIEF REQUESTED***<br><br>**Noticed Before:** Magistrate Judge Sheri Pym<br>**Date and Time:** September 29, 2015 10:00 AM<br>**Courtroom: 3rd Floor**<br>**Complaint Filed:** October 9, 2014<br>**Class Discovery cutoff**: September 15, 2015<br>**Pretrial Conference date:** None set<br>**Trial date:** None set<br><br><br>**RESPONSE DUE WITHIN 24 HRS** |

TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND THEIR
ATTORNEYS OF RECORD:

Plaintiff Glenn Wurdemann, through his counsel, moves this Court to compel the
appearance of Meghan Emmerich at the deposition which was properly noticed and agreed to
by all parties to take place, today, September 23, 2015.

To justify ex parte relief, the "evidence must show that the moving party's cause will
be irreparably prejudiced if the underlying motion is heard according to regular noticed
motions." *Mission Power Engineering Company v. Continental Casualty Company*, 883
F.Supp. 488, 492 (C.D.Cal.1995). The applicant must also demonstrate that it "is without
fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of
excusable neglect." *Id.*

Plaintiff will be irreparably harmed if this matte is not heard on an *ex parte* bases
because (1) Meghan Emmerich's deposition was properly noticed for today and agreed to by
all parties, (2)  Defendants have improperly refused to allow Ms. Emmerich to testify and
improperly terminated the deposition by leaving the deposition room without notice to
Plaintiff's counsel, (3) Defendants have refused to cooperate in allowing the deposition to go
forward (4) the grounds for leaving the deposition are unfounded in law or fact and (5)
Defendants have indicated that they may not permit Emmerich's deposition to go forward at
any later date.

Plaintiff is without fault in creating the urgency of this request.  Plaintiff properly noticed the deposition of Meghan Emmerich and cooperated with defense counsel in the scheduling of Ms. Emmerich's deposition at a mutually agreeable time and place. Defendants' did not inform Plaintiff's counsel of their intent to terminate the deposition until this morning, September 23, 2015 at the beginning of the deposition.  Defendants are taking the position that they are not required to produce Emmerich at a later date, despite their request to conduct the deposition today.

## DECLARATION OF COMPLIANCE WITH MEET AND CONFER REQUIREMENTS

Plaintiff's counsel has attempted to resolve these discovery issues with defense counsel.  At the deposition of Meghan Emmerich, and prior to the witness being sworn in or providing any testimony, Attorney Peter G. Siachos, informed Plaintiff's counsel that the deposition would not be going forward based on several objections lodged by Defendants. Plaintiff's counsel addressed Defendants' objections at the deposition and on the record with attorney Peter G. Siachos, informed Attorney Siachos that the objections raised did not, under Rule 30, constitute a valid basis for preventing the witness to testify or otherwise attempting to terminate the deposition.  Plaintiff's counsel offered to resolve the dispute through several alternatives.  Attorney Peter G. Siachos refused to make any compromise or produce the witness under any circumstance.  Attorney Peter G. Siachos refused Plaintiff's counsel's request to contact Chambers to resolve the dispute.  Attorney Peter G. Siachos does

not have an appearance in this case and is not admitted to practice law in this Court.  As a result, Plaintiff's counsel requested that Attorney Siachos contact attorney of record for the Defendant so that the parties could try to resolve the dispute or contact chambers.  Attorney Siachos requested a break to contact the attorneys of record for Defendants.  During the break, and unbeknownst to Plaintiff's counsel, Attorney Siachos left the deposition with the witness and informed the Court reporter that they would not be returning.

Immediately following today's failed deposition, Plaintiff's counsel contacted Evan Rothman, an attorney of record for Defendants, by telephone.  Attorney Siachos did not attempt to reach the attorney of record and Evan Rothman was unaware that the Attorney and witness had attempted to terminate the deposition and left without notice.

During my September 23, 2015 conversation with Attorney Rothman, I informed him of the events which took place at the Emmerich deposition, including the basis for not producing witness, as set forth by Attorney Siachos and requested that Defendants voluntarily agree to produce Emmerich today and avoid any unnecessary *Ex-Parte* applications.  I further informed him that if we were not able to reach an agreement, that Plaintiff would be seeking an *Ex-Parte* Application to Compel Emmerich's appearance and for sanctions on the basis that (1) the objections raised by Attorney Siachos were not a valid basis for terminating the deposition, (2) Plaintiff's counsel has incurred significant time and expense in preparing for and arranging Emmerich's deposition, and (3) Defense counsel has exhibited a pattern of abusive and obstructive discovery tactics.  Attorney Rothman requested

time to discuss the matter and Defendants' position with Attorney Sean Flynn, which Plaintiff's counsel agreed to.  Attorney Rothman has indicated that Defendants' will not agree to produce Emmerich today and will oppose this *Ex-Parte* motion and will seek sanctions against Plaintiff's counsel.

Thus, this application is made following the above referenced conferences of counsel which took place on September 23, 2015, both at the deposition of Emmerich and immediately following the deposition by phone with Attorney Rothman.  Defendants oppose the relief requested herein.

In support of this motion, Plaintiff states as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  PROCEDURAL POSTURE AND HISTORY OF THE CASE

This is an action brought by Plaintiff Glenn Wurdemann ("Plaintiff") against Defendants pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* for actual and statutory damages, costs, and attorney's fees.

Plaintiff claims that Defendants violated the FDCPA by dunning consumers on time-barred debts without disclosing the fact that the debt is time-barred, that the Defendants can no longer legally enforce the debt, and that a payment may revive the debt and create future liability for the consumer.  Plaintiff claims that the failure to make these disclosures violated, 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f.  *Finley v. Dynamic Recovery Solutions, LLC*, Case No. 14-cv-04028-THE, 2015 WL 3750140 at *5 (N.D. Cal., June 15,

2015)("…Dynamic's letter to Plaintiff offered to 'settle her account.' It is plausible that the least sophisticated consumer could view an offer to settle as a veiled threat of litigation, or, at the very least, as a misrepresentation that a debt is still enforceable."); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 at 1019 (7th Cir. 2014); *Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 399 (6th Cir. 2015);

Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

Defendants have provided almost no substantive answers to any of these discovery requests, but have instead, chosen to use gamesmanship and delay as a litigation strategy to stonewall Plaintiff.

**A. Summary of Discovery Disputes and Delay Tactics Used By Defendants Throughout this Litigation**

On April 13, 2015, the Court entered an order requiring that the parties complete all class discovery by September 15, 2015 and setting a deadline of October 13, 2015 for Plaintiff to file his motion for class certification, which is currently set for a hearing on November 30, 2015. (Dkt No. 38) The Court did not set a deadline for fact discovery and no trial date has been set.

On April 29, 2015, Plaintiff promptly served each Defendant with discovery requests including requests to admit, interrogatories and document requests. (Appendix 1, Declaration of Cassandra P. Miller ("Miller Decl."), ¶6).

On May 1, 2015 Plaintiff file a Motion for Protective Order to conduct Plaintiff's deposition on a mutually agreeable date.    (Appendix 1, Declaration of Cassandra P. Miller ("Miller Decl."), ¶7) Defendants' opposed Plaintiff's motion to strike Plaintiff's deposition date and to reschedule for a mutually agreeable date on, among others, the grounds that Defendants did not want to respond to Plaintiff's discovery requests prior to taking Plaintiff's deposition.

On May 20, 2015, the parties held a telephone conference with Magistrate Judge Pym during which conference Magistrate Judge Pym directed the parties to meet and confer in an effort to reach a mutually agreeable schedule for conducting both Plaintiff's deposition and Defendants' deadline for responding to Plaintiff's discovery requests.  Pursuant to Magistrate Judge Pym's May 20, 2015 order, the parties entered into an agreement that Plaintiff's deposition would be held on June 26, 2015.  (Appendix 1, Declaration of Cassandra P. Miller ("Miller Decl."), ¶9).  Due to the fact that defense counsel represented that he would be out of the country for a period of time, and in order to resolve the issue without further court intervention, Plaintiff agreed to accept Defendants' discovery responses on July 17, 2015.  . (Appendix 1, Declaration of Cassandra P. Miller ("Miller Decl."), ¶13).  Plaintiff was deposed on June 26, 2015 and Defendants' served their discovery responses on July 17, 2015 and provided the verification to those responses on July 21, 2015. (Appendix 1, Miller Decl. ¶ 13).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On August 21, 2015, Plaintiff's counsel sent a letter to defense counsel pursuant to Fed.R.Civ.P. 37 in an attempt to resolve several discovery disputes.  (Appendix 1, Miller Decl. ¶ 14)  The August 21, 2014 letter included several proposals for compromising the scope of discovery.  Despite several attempts, the parties were unable to reach an agreement and are preparing a Joint Stipulation re Motion to Compel Further Discovery Responses. Plaintiff is currently awaiting Defendants' signature on the stipulation in order to file and present it to this Court.   On September 15, 2015, Plaintiff's counsel filed a Motion to Extend Class Discovery Deadline and Continue Hearing on Plaintiff's Motion for Class Certification, before the district judge in order for the parties to bring their respective discovery disputes to the Court via a Joint Statement of Discovery Dispute.   That motion is scheduled for hearing on October 19, 2015.

On August 24, 2015, Plaintiff's counsel sent defense counsel an email explaining that Plaintiff would be noticing the depositions of Meghan Emmerich and Scott Carroll, two individuals identified by Defendants as having information relevant to Plaintiff's claims and account as well as Defendants' drafting, approval, and use of the form letter which is at issue in this litigation.  (Appendix 1, Miller Decl. ¶ 15).  Plaintiff's counsel requested proposed dates from defense counsel and indicated that Plaintiff would otherwise be noticing the depositions for September 10, 2015.  (Appendix 1, Miller Decl. ¶ 15).  Defense counsel did not respond to Plaintiff's email, nor did defense counsel object to the proposed date of September 10, 2015.  (Appendix 1, Miller Decl. ¶ 16).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On August 25, 2015, Plaintiff served defense counsel with a Notice of Deposition, setting the Emmerich deposition for September 10, 2015, in Nevada and the Carroll deposition for September 11, 2015, in South Carolina.  (Appendix 1, Miller Decl. ¶ 15). Plaintiff's notice stated that Plaintiff's counsel would likely appear by phone.  *Id.*   On August 28, 2015, defense counsel sent Plaintiff's counsel an email stating that the witnesses were not available on the dates set forth in the notice of deposition. (Appendix 1, Miller Decl. ¶ 23).    On September 3, 2015 Defendants' informed Plaintiff that Ms. Emmerich was available for a deposition on September 15-18, 2015 in Greenville, South Carolina. (Appendix 1, Miller Decl. ¶ 23).   Defendants further indicated that they had no objection to Plaintiff's counsel appearing by phone.  (Appendix 1, Miller Decl. ¶ 23).

On September 9, 2015, Defendants' informed Plaintiff's counsel that Mr. Carroll could only be available for deposition on either September 15 or September 16, 2015.  (Appendix 1, Miller Decl. ¶ 23).   On September 10, 2015, Plaintiff served a confirmation of deposition, wherein both depositions were scheduled to take place on September 15, 2015.   Ms. Emmerich was scheduled for deposition in the morning of September 15, 2015 and Mr. Carroll was scheduled for the afternoon on September 15, 2015, with Plaintiff's counsel appearing by phone.  (Appendix 1, Miller Decl. ¶ 23).   On September 14, 2015, Defense counsel informed Plaintiff's counsel that Mr. Carroll would be appearing at defense counsel's office in Irvine, CA for his deposition and not reno Nevada, and further that, because of the location of each witness, defense counsel could not conduct both depositions in one day

because defense counsel intended to appear in person for both depositions.  (Appendix 1, Miller Decl. ¶ 23).

Plaintiff's counsel agreed to take the Deposition of Mr. Carroll in Defendants' counsel's Orange County office on September 15, 2015.  (Appendix 1, Miller Decl. ¶ 23). On September 14, 2015 defense counsel contacted plaintiff's counsel and represented that an emergency occurred that prevented Mr. Carroll from appearing on September 15, 2015. (Appendix 1, Miller Decl. ¶ 22).   Defense counsel further represented that due to logistical and scheduling conflicts, he is unable to schedule Ms. Emmerich's deposition prior to September 15, 2015.  (Appendix 1, Miller Decl. ¶ 22).

Defense counsel requested that Plaintiff's counsel agree to take both depositions on a date which was beyond the Class Discovery Cut-off.  Pursuant to District Judge Phillip's standing order, Plaintiff agreed to move the depositions if Defendants filed a stipulated request to do so.   Defendants' filed their stipulated request on September 15, 2015. (Appendix 1, Miller Decl. ¶ 22).

Plaintiff timely served his notice of deposition.  As a professional courtesy and to avoid additional *ex parte* or other motion practice before the Court, Plaintiff agreed to reschedule the Defendants' depositions to a date which is convenient for Defendants and their counsel.

**B. Defendants Ignored the District Courts Directive to Resolve Confidential and Privacy Issues By Seeking a Protective Order Early On to Avoid Discovery Disputes**

At the April 13, 2015 scheduling conference, Judge Phillips specifically pointed out that the discovery in this case would likely require the entry of a protective order to protect any confidential information.  (Decl. ¶4 at p. 12:15-23)  In response to Defense counsel's assertion that discovery in this case may involve private consumer information, the Court advised the parties to resolve any confidential or privacy issues  early on and to seek a protective order from the magistrate if necessary:

> THE COURT: Well, it's quite conceivable that a
> credit card payment to a certain type of medical care provider
> would disclose personal information. ...It does appear -- I'm just not sure because I
> haven't had that issue come up before. But I don't know why there couldn't be a
> solution for the problem via a protective order, at least until the class certification
> motion.
> ***
> If the class was certified, then obviously class
> members are going to have to be notified, and we'd reach that
> issue if and when class certification is granted. Although,
> we'd probably have to reach it before then to see if there are
> any objections. But I still don't see -- those are two
> discreet issues that the parties could brief and, if necessary,
> bring a discovery motion before the magistrate judge on those
> two issues, two discovery issues.

Defendants did not seek a protective order to cover any potentially confidential, private

or proprietary information.  In response to Plaintiff's discovery requests, Defendants refused to respond to a number of requests on the grounds that it sought confidential, proprietary, or personal information.  In Plaintiff's August 21, 2015 Rule 37 letter to defense counsel, Plaintiff specifically asserted that in class action litigation "issues of privacy are resolved through the entry of a protective order."  Defendants ignored this compromise, did not seek a protective order from the court and refused to provide any class information.

Defendants did not raise the issue of a protective order until following the deposition of Mr. Carroll, more fully described below.  On September 22, 2015, the day before Ms. Emmerich's deposition, defense counsel sent plaintiff's counsel a proposed stipulated protective order for review.  Plaintiff's counsel suggested using the form example set forth on this Court's website, but defense counsel refused and insisted upon use of its own protective order.  As such, Plaintiff's counsel reviewed the proposed stipulated protective order and redlined changes into the document and returned it to defense counsel that same day.  Defendants' rejected nearly all of Plaintiff's changes.  Plaintiff remained willing to enter into the protective order recommended by this court, but Defendants' were unwilling to do so.

## C. Defense Counsel's Abusive and Obstructive Conduct During the Carroll Deposition

On September 18, 2015, Plaintiff took the deposition of Mr. Carroll.  During the deposition, defense counsel asserted unnecessary, abusive and obstructive objections to nearly every question asked.  Additionally, defense counsel instructed Mr. Carroll not to answer questions on 54 separate occasions on the basis that the information was

"confidential," "a proprietary trade secret," or may call for "attorney/client privilege." Defense counsel would not allow Plaintiff's counsel to explore the basis for the privilege assertion and did not identify what or why the responses called for the disclosure of privileged information. Mr. Carroll's deposition was left open in order for Plaintiff prepare a Joint Stipulation to Re-Open the Deposition and compel further responses.

Mr. Carroll was instructed not to answer the majority of the questions asked on the basis of confidentiality and trade secret privilege;  following numerous "breaks" Mr. Carroll changed his prior testimony after discussing his responses with counsel; Counsel made improper and lengthy objections for the purpose of delay and obstruction of the line of questioning; and finally, defense counsel prematurely terminated the deposition without first seeking a protective order and has refused to allow the deposition to continue on a subsequent mutually agreeable date.

## II.    DEFENDANTS IMPROPERLY PREVENTED EMMERICH FROM TESTIFYING

Immediately prior to starting the deposition of Meghan Emmerich, Attorney Siachos while admitting that the parties had "mutually agreed to come on this date for the deposition," informed Plaintiff's counsel that Defendants would not be permitting the Emmerich deposition to go forward.  The basis for not allowing the deposition was described by Siachos, as follows:

SIACHOS:  The most problematic issue today is that, first, we don't have an order
from the Court allowing the deposition to proceed after the September 15th cutoff date

as set forth in the Court's scheduling order.  And the secondary issue is we don't have a protective order that we've agreed to to discuss confidential information, which would result probably in excessive objections and the potential compromise of confidential information.   As such, Resurgent has elected to postpone the deposition today and reschedule it for a date when the Court has allowed or has approved for this deposition to go forward after the cutoff date and once we have entered into a protective order.

(Decl., ¶21, Emmerich Dep, at 3:11-24)

Plaintiff's counsel responded that (1) even if class discovery, which is the subject of a motion to extend, is closed, fact discovery is not closed (2) there was nothing preventing Defendants' from seeking a protective order prior to this date and (3) the need for a protective order, without actually seeking one, was not for not permitting the deposition to go forward:

  MS. MILLER:  …With respect to your objection to the
16  notice of deposition, simply stating an objection is
17  not a basis for terminating a deposition.  A
18  protective order needs to be sought.
19        Furthermore, the stipulated agreement to
20  continue the deposition beyond the class discovery
21  cutoff was at the Defendant's request, because
22  Defendant was unable to produce the witnesses prior
23  to the September 15th class discovery cutoff.
24        That being said, there is no cutoff as to
25  fact discovery, and discovery is ongoing.  There is
 1  no basis to not take the deposition today.  There is
 2  no deadline that's expired with respect to that.
 3        And with respect to the protective order, I
 4  have, over the last several months, requested that
 5  Defendants provide a protective order in -- or
 6  whatever protective order they require in order to
 7  respond to discovery in this case.  A number of
 8  documents and responses have not been responded to on
 9  that basis.

10      Additionally, at the scheduling conference,
11  District Judge Phillips specifically informed the
12  parties that if one was going to be necessary, and
13  likely that it would be necessary for Defendants,
14  that that should be acted on immediately.  That was
15  in April of this year.  Defendants did not attempt to
16  have a protective order entered in the case.
17      It was only yesterday, September 22nd, that
18  Evan Rothman from Gordon Reese provided a stipulated
19  protected order for my review.  I did review the
20  stipulated protective order, and I did respond to
21  Evan, stating that Magistrate Judge Pym, who is the
22  magistrate in this case, has a form protective order
23  that meets all of her requirements in terms of what
24  she will approve as a protective order for a case.  I
25  suggested that we use that protective order.
1  Defendants refused to use that protective order and
2  insisted on using their own protective order.  I
3  then -- I then, in the middle of the night, went
4  through that protective order, red-lined our changes
5  in the protective order and provided it to
6  Defendants.
7      Defendants rejected nearly all of our
8  changes to the protective order and will not, you
9  know, otherwise accommodate Plaintiff's suggestions
10  and requests.
11      We are still prepared to enter into the
12  protective order recommended by Magistrate Judge Pym
13  and would do so at this time.  I can't agree to
14  the -- the sections which Defendants are insisting
15  they have in the protective order.  The best
16  resolution is to go with that protective order which
17  the Magistrate recommends and approves.
18      That being said, it is improper to
19  terminate the deposition without seeking a protective
20  order first.  There is nothing that prohibit
21  Defendants from, on their own, filing a motion for a...[]
23  protective order and bringing their proposed
24  protective order to the Court's attention for
25  approval.

Joint Stipulation re Motion to Compel Further Responses

(Decl., ¶21, 4:16-6:25)

Plaintiff's counsel proposed that the parties attempt to contact the Magistrate Judge on an emergency basis to resolve the issues, but defense counsel refused:

```
 6  MS. MILLER:  I'm going to -- I think this
 7  is a situation where, you know, everyone has put in a
 8  lot of time in preparing for this deposition.  We
 9  have incurred expenses in having a court reporter
10  there.  And I think this is a situation that should
11  be brought to the Magistrate's attention immediately,
12  so I am going to attempt to get her on the phone.
13         Can you -- would you mind holding?

14         [MR. SIACHOS]:  I'm not in any position to
15  speak to the Magistrate right now.  I'd like to get
16  counsel of record to do that.  And considering I'm,
17  you know, just making an appearance for this -- for
18  the purpose of this deposition, if we could get, you
19  know, Sean on the phone -- he's not available today.
20  Perhaps we could make a call.  But I mean, this
21  deposition is not going forward today, so I don't
22  think there's any reason to get the Magistrate on the
23  phone today, and we do not -- you know, we're not
24  going to speak to the Magistrate today.
25  So we're going to end the deposition now.
```
(Decl., ¶21 at 7:6-8:25)

Because Mr. Siachos was not an attorney of record in this litigation, Plaintiff's counsel recommended that he attempt to contact the attorneys of record.  Mr. Siachos agreed to contact the attorneys of record and requested a break to do so:

```
MR. SIACHOS:  I'll make a couple of calls,
but the deposition isn't going to proceed today, so I
don't know what the point of getting the Magistrate
on the phone today is.  You know, if the Magistrate
were to issue an order saying the deposition were to
```

Joint Stipulation re Motion to Compel Further Responses

proceed, yeah, that would be a different story.  But
I don't -- I -- we're not going to get on the phone
with the Magistrate today.  At least I'm not.  I'll
try to get in touch with the people on the West
Coast, and they can go forward.  We'll take a break,
 and we'll deal with it then.
(Decl., ¶21)

Rather than contacting the attorneys of record, and without informing Plaintiff's

counsel, Mr. Siachos left the deposition with the witness:

MS. MILLER:  This is Cassandra Miller for
 the Plaintiff.  I want the record to reflect that
despite my understanding that the attorney that
appeared today for the Defendants was going to be
 contacting the attorneys that have an appearance in
the case to try and resolve the deposition issues and
 so that we could contact the Magistrate to resolve
those, it's my understanding, from talking to the
court reporter who is in the room with them -- I am
in Chicago; the deposition is in South Carolina --
that after putting me on hold, the attorney informed
the court reporter that they would not be coming
back, and they left the room.

 It's been approximately 20 minutes since we
 took a break in order for him to call the attorneys
of record so we could try and resolve this, so it's
my understanding that the attorney that appeared
 today improperly terminated the deposition,
improperly refused to produce the witness, which was
properly noticed.  The basis for not producing the
 witness is unfounded.  We've agreed to enter into the
Magistrate's protective order.  There was nothing
prohibiting Defendants from seeking a protective
order in order for the deposition to go forward.

 There is no fact discovery cutoff, and there's a
 pending motion to extend the class discovery cutoff.

Additionally, the reason that the
deposition is scheduled for today rather than before
September 15th was because the witness and defense
attorney could not appear before the
September 15th cutoff, and this is reflected in the
stipulation that Defendant requested that we enter
into in order to have the deposition go forward.

Unfortunately, defense counsel left the
deposition without notifying me; I was unable to
discuss, you know, our intentions of filing an
ex-parte motion to compel and reopen the deposition.
We are not terminating the deposition.  We are
leaving it open for a decision by the Court.  And,
you know, we to intend to seek the costs and fees
incurred in preparing for the deposition and the
court reporter's services today.

I believe that's it.

(Decl., ¶21,12:21-14:12)

**A. Defendants Were Required to Seek a Protective Order In Advance of the
Deposition**

Under Fed.R.Civ.P. 30(c) (2), a party may suspend a deposition only when necessary:

(1) to preserve a privilege; (2) to enforce a limitation ordered by the court; or (3) to present a

motion under Rule 30(d)(3) to terminate or limit the deposition. The only grounds to move to

terminate or limit a deposition is if "it is being conducted in a manner evidencing bad faith,

or to embarrass, annoy, or oppress the deponent." Fed.R.Civ.P. 30(d)(3); *Biovail Labs., Inc.

v. Anchen Pharm., In*c., 233 F.R.D. 648 (C.D.Cal.2006) (internal citation omitted).  "[If] such

a judicial determination is not sought, this Court will presume that there were not sufficient

grounds for the objection and instruction not to answer, or the termination of the deposition,

and that the action was undertaken merely to obstruct the discovery process." *In re*

*Stratosphere Corp. Sec. Litig.*, 182 F.R.D. at 618–19.

In order to cancel or stay a properly-noticed deposition, the opposing party must

obtaine a protective order before the deposition date. *Pioche Mines Consol., Inc.* 333 F.2d

257, 269 (9th Cir. 1964), cert. denied, 380 U.S. 956 (1965) ("Rile [26(c)] places the burden on

the proposed deponent to get an order, not just to make a motion).

In *Koninlike Phillips Elec. N.V. v. KXD Tech, Inc.,* 2007 WL 3101248, at *18 (D. Nev.

Oct. 16, 2007), appeal dismissed, 539 F.3d 1039 (9th Cir. 2008), the Court held that "Absent a

protective order or an order staying the deposition, the party…is required to appear for a

properly noticed deposition."    In order to cancel or stay a properly noticed deposition, the

cancelling party must timely file a motion to quash or stay.  That

Here, Defendants agreed to produce Ms. Emmerich on September 23, 2015, did not

attempt to obtain a protective order for any claimed confidential information in advance of

the deposition, but refused to allow Ms. Emmerich to testify and then ***snuck*** away from the

deposition without informing Plaintiff's counsel.  Defendants conduct was outrageous.

**B. The Fact That Class Discovery Has Closed is Not a Valid Reason to Terminate**
   **the Deposition**

Plaintiff has filed a motion to extend class discovery which is currently pending before

the district judge to be heard on October 19, 2015.  However, even if class discovery is

technically closed, Defendants agreed to produce Emmerich on September 23, 2015 by way

of stipulation and the Court has not set a fact discovery deadline.  Whether class discovery is

closed or not, Plaintiff is entitled to merit discovery and Defendants' assertion that the class

discovery deadline is a basis for cancelling the deposition, is unfounded.

1

## **CERTIFICATE OF SERVICE**

2   I, Cassandra P. Miller, hereby certify that on September 23, 2015, the foregoing

3   document was served via electronic mail to:

4   SEAN P. FLYNN (*sflynn@gordonrees.com*)

5   GORDON & REES LLP

6   2211 Michelson Drive Suite 400

7   Irvine, CA 92612

8

9                        /s/Cassandra P. Miller

10                        Cassandra P. Miller

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28