UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2075-VAP (SP) | Date | September 25, 2015 |
|---|---|---|---|
| Title | Glenn Wurdemann v. First National Collection Bureau Inc., et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Denying Plaintiff's Ex Parte Application to Compel Deposition of Meghan Emmerich and for Sanctions [57]

    On September 23, 2015, plaintiff filed an ex parte application (docket no. 57), requesting an order to compel the appearance of Meghan Emmerich at a deposition scheduled that same day, alleging defendants' counsel improperly refused to allow Emmerich to testify and then terminated the deposition without providing notice to plaintiff's counsel. Defendants opposed the application the following day.

    "Ex parte motions are rarely justified . . . ." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify ex parte relief, the moving party must, at a minimum, show: (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492; *see also Clark v. Time Warner Cable*, 2007 WL 1334965, at *1 (C.D. Cal. May 3, 2007) ("Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief.") (citing *Mission Power*, 883 F. Supp. at 492). The "emergency" nature of ex parte applications is reflected in Local Rule 37-3's admonition that "[u]nless the Court in its discretion otherwise allows, no discovery motions shall be filed or heard on en ex parte basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party."

    In this matter, plaintiff asserts ex parte relief is needed because: (1) Emmerich's deposition was properly noticed for September 23, 2015 and agreed to by all parties; (2)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2075-VAP (SP) | Date | September 25, 2015 |
|---|---|---|---|
| Title | Glenn Wurdemann v. First National Collection Bureau Inc., et al. | | |

defendants improperly refused to allow Emmerich to testify and then improperly terminated the deposition by leaving the deposition room without notice to plaintiff's counsel; and (3) defendants have refused to cooperate in allowing the deposition to continue.

Plaintiff initiated this case on October 8, 2014 and is currently pursuing class certification. Pursuant to the court's April 13, 2015 scheduling order, the discovery cutoff for plaintiff's class certification motion was September 15, 2015, and the deadline for plaintiff to file that motion is October 13, 2015, with a hearing scheduled for November 30, 2015. On September 9, 2015, plaintiff filed an ex parte motion to extend the class discovery deadline and to continue the hearing (docket no. 50), which the court denied on September 11, 2015 (docket no 54).

Plaintiff filed a renewed motion to extend class discovery and to continue the hearing on September 15, 2015, accompanied by a joint stipulation to allow class discovery after the cutoff date (docket nos. 55, 56). Despite the absence of an applicable court ruling, the parties scheduled two depositions after the cutoff of class discovery, a September 18, 2015 deposition of Scott Carroll and the September 23, 2015 Emmerich deposition. The depositions had been noticed for earlier dates, but were moved due to scheduling conflicts.

At the time of preparation of this order, the court has yet to rule on plaintiff's September 15, 2015 renewed motion to extend class discovery. As such, it is unclear whether denying plaintiff's ex parte application here will cause irreparable prejudice. And in any event, plaintiff has not shown he was without fault in creating this crisis.

As described above, plaintiff sought ex parte relief prior to the close of class discovery, which the court denied. Once again, the mere fact that there may have been insufficient time before the close of discovery for plaintiff to bring a regularly noticed motion does not in itself constitute sufficient good cause for granting the relief sought on an ex parte basis. "The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Mission Power*, 883 F. Supp. at 493.

Plaintiff here has failed to demonstrate that he is without fault in creating the emergency requiring the present ex parte application. The parties have been conducting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2075-VAP (SP) | Date | September 25, 2015 |
|---|---|---|---|
| Title | Glenn Wurdemann v. First National Collection Bureau Inc., et al. | | |

discovery since April 2015. Though plaintiff contends defendants engaged in unfounded delays and gamesmanship in scheduling the Emmerich deposition as the cutoff date neared, defendants also contend that plaintiff first learned of Emmerich's role in the underlying dispute in July 2015 but waited to notice her deposition until August 25, 2015, just 20 days before the discovery cutoff date. Given this delay in noticing Emmerich's deposition, it is clear that the current emergency is at least partly of plaintiff's own making.

Plaintiff also argues the April 13, 2015 scheduling order only referred to class discovery, and not a cutoff of fact discovery. The court has not yet ruled on class certification, and therefore has not set any further discovery schedule. If plaintiff is implying that the Emmerich deposition is part of class discovery, the period for such discovery has passed. Plaintiff's pending application to extend class discovery will decide if the parties may continue discovery for that purpose; if so, plaintiff will still have time to reschedule Emmerich's deposition. If the Emmerich deposition is not class discovery, there will be ample time to conduct such a deposition after the court issues a scheduling order regarding fact discovery. In either case, plaintiff may not be prejudiced by the denial of this application.

In light of the above, the court denies plaintiff's request for ex parte relief.